IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HERBERT HOUSE, JR.,

      Petitioner,

vs.                             Case No.: 4:13cv405-MW/CAS

MICHAEL CREWS, Secretary
of Florida Department of Corrections,

      Respondent.
_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY

On July 19, 2013, Petitioner Herbert House Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Franklin County, on May 11, 1972.  *Id.*  On March 27, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.  Doc. 13.  On May 2, 2014, Petitioner filed a reply to that motion.  Doc. 15.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is

untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief" in federal court).

## Procedural History

The relevant aspects of the procedural background of this case are established

by the state court records. *See* Doc. 13.[1]  Petitioner, Herbert House Jr., and his brother

Anthony Wayne House, were indicted by a Grand Jury for first-degree murder, rape,

and kidnapping.  Ex. A.  Following a jury trial in the Franklin County Circuit Court on

May 12, 1972, Petitioner was found guilty on the charges of rape and kidnapping, and

pleaded guilty to manslaughter. *Id.*  On May 18, 1972, the state trial court sentenced

Petitioner to death for rape, 15 years for manslaughter, and 10 years for kidnapping.  *Id.*

Thereafter, in light of Furman v. Georgia, 408 U.S. 238 (1972), on September 8,

1972, the Florida Supreme Court in Anderson v. State, 267 So. 2d 8 (Fla. 1972),

vacated and set aside Petitioner's sentence of death for the crime of rape and

relinquished jurisdiction to the circuit court "solely for the purpose of imposition of an

appropriate legal sentence."  House v. State, 273 So. 2d 756 (Fla. 1973); Ex. B; *see* In

re Baker, 267 So. 2d 331 (Fla. 1972).  By order dated September 25, 1972, the circuit

court resentenced Petitioner to life in prison and, upon the return of jurisdiction to the

Florida Supreme Court "for consideration of the remaining points of appeal," it affirmed

Petitioner's convictions on February 14, 1973.  Ex. C; House v. State, 273 So. 2d 756

(Fla. 1973).  Subsequently, the Florida First District Court of Appeal (DCA) also affirmed

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (Doc. 13).

Petitioner's judgment on June 19, 1973.  Ex. D; House v. State, 280 So. 2d 507 (Fla. 1st DCA 1973).

On December 31, 1986, Petitioner filed a pro se motion in Franklin County Circuit Court pursuant to Florida Rule of Criminal Procedure 3.850.  Exs. E and F.  Following an evidentiary hearing, the circuit court denied relief by order rendered April 24, 1987.  Ex. G.  Petitioner then filed an appeal, through counsel, with the First DCA.  Ex. H.  Petitioner's counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738, (1967).  Ex. I.  The First DCA per curiam affirmed the denial of post-conviction relief without opinion and the mandate issued June 27, 1988.  Ex. J; House v. State, 527 So. 2d 200 (Fla. 1st DCA 1988) (table).

On June 23, 1992, Petitioner was granted parole.  Ex. K.  Then, by order dated October 27, 2004, the Florida Parole Commission directed that Petitioner's parole be revoked and that Petitioner "be returned to the custody of the Superintendent of the State Prison, there to remain not to exceed his/her sentence or until further order of the Commission" because he violated his parole.  Id.  Petitioner violated his parole by operating a motor vehicle while under the influence of an intoxicant.  Id.

On July 21, 2006, Petitioner filed a pro se petition for writ of habeas corpus in the First DCA.  Ex. L.  On August 18, 2006, the First DCA per curiam denied the petition.  Ex. M; House v. State, 939 So. 2d 1063 (Fla. 1st DCA 2006) (table).  Petitioner's motion for rehearing, clarification, or certification was denied by order by the First DCA on October 19, 2006.  Ex. N.

On February 22, 2007, Petitioner filed a pro se petition for writ of habeas corpus in the Dade County Circuit Court asserting in two grounds for relief that his 2004

revocation hearing by the Florida Parole Commission was "in violation of the Florida Sunshine Laws" and that the Parole Commission abused its discretion.  Ex. O.  The circuit court summarily denied the petition by order rendered April 12, 2007.  Ex. P. Petitioner then appealed to the Third DCA.  Ex. Q.  The Third DCA affirmed per curiam without opinion and, following its denial of Petitioner's pro se motion for rehearing and rehearing en banc without discussion, the mandate issued February 25, 2008.  Exs. U and V; House v. Fla. Parole Comm'n, 973 So. 2d 1140 (Fla. 3d DCA 2007) (table).

On September 13, 2011, Petitioner filed a pro se motion to correct illegal sentence in Franklin County Circuit Court pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. W.  The state circuit court summarily denied relief by order rendered January 31, 2012.  Ex. X.  Petitioner filed a pro se motion for rehearing, which was summarily denied by order of the circuit court without discussion.  Ex. Y1.

Petitioner then appealed to the First DCA.  Ex. Z.  The First DCA affirmed per curiam without opinion, and following its denial of Petitioner's pro se motion for rehearing without discussion, the mandate issued November 27, 2012.  Exs. AA and BB; House v. State, 100 So. 3d 681 (Fla. 1st DCA 2012) (table).

As indicated above, Petitioner filed his initial § 2254 petition in this Court on July 19, 2013, and raises one ground, asserting the state court erred in denying his Rule 3.800(a) motion to correct an illegal sentence.  Doc. 1.  Respondent has filed a motion to dismiss the petition as untimely.  Doc. 13.  Petitioner filed a reply.  Doc. 15.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filling a § 2254 petition. 28 U.S.C. § 2244(d)(1).

The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). [2]

As Respondent correctly argues in the motion to dismiss, this § 2254 petition is untimely. Petitioner's conviction became final well before the April 24, 1996, effective date of the AEDPA. Doc. 13 Exs. C, D. The Petitioner then had one year, until April 24, 1997, to file a timely § 2254 petition. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). After April 24, 1996, as indicated above in the procedural history, the Petitioner did not file anything until well after the one-year AEDPA limitations period expired. Anything Petitioner filed thereafter could not toll that period. *See*, *e.g.*, Tinker v. Moore, 255 F. 3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster, 199 F.3d at 1259 ("Under §2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F. 3d 698, 702 (11th Cir. 2004).

the limitations period cannot toll that period because there is no period remaining to be tolled.").

In his reply, Petitioner asserts that it is "due to a recent finding" that the instant petition is not untimely.  Doc. 1 at 14.  Petitioner appears to base this assertion on the statutory trigger of § 2244(d)(1)(D) – "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Doc. 15 at 3.  The "recent finding" to which the Petitioner refers is the following:  "It wasn't until just recently that in conversation with another inmate that it was found out that neither brother was returned to court pursuant to Rule 3.180, and intense research was conducted into the matter, and will argue that both Defendants sentence are illegal."  Doc. 13 Ex. W at 3.

According to Petitioner, the factual predicate of his claim in federal habeas was made on September 25, 1972, the date he was resentenced to life imprisonment, because he contends he was not "returned to the circuit court for resentencing with an appointment of effective counsel."  Doc. 1 Ex. C at 6.  Considering the due diligence standard for successive petitions under 28 U.S.C. § 2244(b)(2)(B)(i), in Melson v. Allen, 548 F.3d 993 (11th Cir. 2008), the Eleventh Circuit addressed timeliness under 28 U.S.C. § 2244(d)(1)(D), stating:

> Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date.  Merely alleging that an applicant "did not actually know the facts underlying his or her claim does not pass the test."  Instead, the inquiry focuses on "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'"

Melson at 998-999 (internal citations omitted), quoting In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997).

Whether he had been "returned to the circuit court for resentencing" was something the Petitioner could have discovered with any reasonable exercise of due diligence in the years between September 25, 1972, and the April 24, 1996, effective date of the AEDPA.  Even after the one-year AEDPA grace period expired on April 24, 1997, Petitioner did not raise this particular claim until many years later when he filed his Rule 3.800(a) motion on September 13, 2011.  Doc. 13 Ex. W.  Petitioner's assertion of a low I.Q. and "very limited ability to read and write" in his Rule 3.800(a) motion does not constitute a good reason for why he could not have discovered "the facts" through the exercise of due diligence in the many years prior to the conversation with another inmate.  Doc. 13 Ex. W at 3; Melson, 548 F. 3d at 993.  The instant § 2254 petition for writ of habeas corpus is untimely under § 2244(d)(1)(D).

Finally, Petitioner does not allege entitlement to equitable tolling of the federal limitations period.  As the Respondent indicates in the motion to dismiss, and as set forth above, Petitioner cannot show that he has acted with any diligence, as he allowed significant periods of time to lapse among all of his state court filings.  See Doc. 13 at 12. see, e.g., Holland v. Fla., -- U.S. --, 130 S. Ct. 2549, 2562 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))); Drew v. Dep't of Corr., 297 F. 3d 1278, 1286-87 (11th Cir. 2002) ("In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.").

## Conclusion

Because the §2254 petition is untimely, Respondent's motion to dismiss (Doc. 13) should be granted.  The § 2254 petition (Doc. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[3]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

---

[3] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 13) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2014.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a  copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**